UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUSS GORDON and CATHY STACKPOOLE,

        Plaintiff,                       Case Number 23-12812

v.                                                 Honorable David M. Lawson

CITY OF HAMTRAMCK, HAMTRAMCK
CITY COUNCIL, and AMER GHALIB,

        Defendants.

_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND MOTION FOR PRELIMINARY INJUNCTION

On November 17, 2023, the plaintiffs filed their amended complaint in this matter alleging that the defendants violated the Free Speech Clause of the First Amendment when they rescinded a municipal resolution that allowed for the display of a Pride Flag on a flagpole on Joseph Campau Avenue within the City. On December 6, 2023, the plaintiffs filed a motion for preliminary injunction and a motion for summary judgment.

In this district, a "movant must ascertain before filing [a motion] whether the contemplated motion . . . will be opposed." E.D. Mich. LR 7.1(a)(1). As to efforts to seek concurrence in the relief sought, the plaintiffs state in both motions the following: "Pursuant to LR 7.1, although it appears to be limited to motions relating to discovery, Plaintiffs' counsel contacted the attorney representing the Defendants by email on December 4, 2023, and requested his concurrence in the motion. Defendants' attorney did not respond." The motions do not indicate that plaintiffs' counsel convened a conference with defendants' counsel to discuss the motions and their legal basis, as the plaintiffs' attorney was required to do before filing the motions. The motions therefore will be denied.

The requirement of seeking concurrence on motions, even dispositive ones, is not a mere *pro forma* exercise. As LR 7.1(a)(1) explains, to satisfy the rule, "the movant must confer with the other parties and other persons entitled to be heard on the motion in good faith and in a manner that reasonably explains the basis for the motion and allows for an interactive process aimed at reaching agreement on the matter or those aspects of the matter that can be resolved without court intervention, given the nature of the contemplated motion." *Ibid.* "The conference must be held sufficiently in advance of filing the motion to allow a good faith interactive exchange aimed at resolving the matter." *Ibid.* "If the movant obtains concurrence, the parties or other persons involved may make the subject matter of the contemplated motion or request a matter of record by stipulated order." *Ibid.* "If concurrence is not obtained, the motion or request must state: (A) there was a conference between attorneys or unrepresented parties and other persons entitled to be heard on the motion in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought; [or] (B) despite reasonable and timely efforts specified in the motion or request, the movant was unable to conduct a conference." E.D. Mich. LR 7.1(a)(2).

As an initial matter, plaintiffs' counsel apparently harbors the misconception that LR 7.1 applies only to "discovery motions." The plain language of the rule states otherwise. The first two sentences of the rule indicate the procedural distinction between discovery motions and all other motions:

> Before filing a motion relating to discovery, the movant must comply with Federal Rule of Civil Procedure 37(a)(1). *Otherwise*, the movant must ascertain before filing whether the contemplated motion or request under Federal Rule of Civil Procedure 6(b)(1)(A) will be opposed.

E.D. Mich. LR 7.1(a) (emphasis added). As the counterpoint "otherwise" indicates, the second sentence of subsection (a)(1) applies to any other motion that is not "a motion relating to

discovery." The assumption that the entire rule applies only to discovery motions is a misreading of the plain text and an unreasonable construction of its terms.

Furthermore, the commentary to the rule explains that merely sending blind emails without direct interaction between counsel is insufficient to satisfy the mandate that a "conference" must be held reasonably in advance of the filing. "The Court's strong preference is for conferences held in a manner that facilitates discussion and debate, such as in person, by video, or by telephone. Sometimes, email exchanges may suffice if the motion is rudimentary and uncomplicated, or to document conversations. But *sending an email without engaging the other parties will not satisfy this rule*." E.D. Mich. LR 7.1 cmt. (emphasis added). Plaintiffs' counsel did not state in the motion that any conference was convened between opposing counsel to discuss the motions, or that any reasonable and timely efforts were made to convene such a conference. The motions therefore will be denied. However, the denial will be without prejudice to renewal after plaintiffs' counsel has complied with the applicable court rules.

Accordingly, it is **ORDERED** that the plaintiffs' motion for preliminary injunction (ECF No. 7) and motion for summary judgment (ECF No. 9) are **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: December 7, 2023