UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUSS GORDON and CATHY STACKPOOLE,

        Plaintiff,                                Case Number 23-12812

v.                                                          Honorable David M. Lawson

CITY OF HAMTRAMCK, HAMTRAMCK
CITY COUNCIL, and AMER GHALIB,

        Defendants.

_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

On September 8, 2025, the Court issued an opinion and judgment granting the defendants' motion for summary judgment and dismissing the complaint with prejudice. On September 20, 2025, the plaintiffs filed a motion seeking "reconsideration" of the dismissal ruling, invoking Federal Rule of Civil Procedure 60(b), which allows a Court to relieve a party of the consequences of a judgment under certain conditions.

In their motion, the plaintiffs argue that the Court should grant relief from the judgment of dismissal because (1) the Court erred as a matter of law in its application of certain principles established by controlling or persuasive decisions on point, (2) the Court "failed to address" certain arguments made and legal authorities cited by the plaintiffs in their briefing and at oral argument, and (3) the Court erred by refusing to consider certain evidence submitted by the plaintiffs with their opposition to the motion for summary judgment.

The plaintiffs' motion invokes Federal Rules of Civil Procedure 60(b)(1) and (6). Rule 60(b)(1) "is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d

451, 455 (6th Cir. 2002).  A party may not use Rule 60(b) "as an occasion to relitigate its case." *General Universal Systems, Inc. v. Lee*, 379 F.3d 131, 157 (5th Cir. 2004).  Similarly, a court may grant relief under Rule 60(b)(6) "'only in exceptional and extraordinary circumstances,' which are defined as those 'unusual and extreme situations where principles of equity mandate relief.'" *Export-Import Bank of U.S. v. Advanced Polymer Sciences*, Inc., 604 F.3d 242, 247 (6th Cir. 2010) (quoting *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001)).  In addition, "something more than one of the grounds in subsections (1) through (5)" must be shown to justify relief under Rule 60(b)(6).  *East Brooks Books, Inc. v. City of Memphis*, 633 F.3d 459, 465 (6th Cir. 2011) (quotation marks omitted).  "Accordingly, a motion made under Rule 60(b)(6) is addressed to the trial court's discretion which is especially broad given the underlying equitable principles involved."  *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989) (internal quotation omitted).

  The Court had opportunities twice to pass on the merits of the First Amendment claims brought by the plaintiffs in this matter, first in ruling on the plaintiffs' motion for partial summary judgment in their favor, and again when deciding the defendants' motion for summary judgment.  All of the legal and factual issues germane to the resolution of the competing motions were briefed exhaustively through multiple rounds of dispositive motion practice, and all questions of fact and law crucial to the disposition of the case were addressed by the Court either at oral argument or in the Court's two prior written opinions.  The present motion is merely an attempt to reargue questions that already were considered fully and decided finally by the Court, and the plaintiffs have not identified any dispositive error of fact or law in the prior rulings.  The motion for relief from judgment therefore will be denied.

- 3 -

Accordingly, it is **ORDERED** that the plaintiffs' motion for reconsideration (ECF No. 86) is **DENIED** for lack of merit in the grounds presented.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated:   September 24, 2025